

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00007-CR

CALEB JOHN-PAUL CORDELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 35th District Court
Mills County, Texas[1]
Trial Court No. 3292, Honorable Stephen Ellis, Presiding

December 22, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Caleb John-Paul Cordell, was charged with five counts of sexual assault of a child, a second-degree felony.[2] Pursuant to a plea bargain, appellant pleaded guilty to the charges on February 13, 2019. The trial court sentenced appellant to ten years' confinement and placed appellant on community supervision for a term of ten years.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 22.011.

During the period of community supervision, the State filed a motion to proceed to adjudication of guilt alleging that appellant had committed eleven violations of the conditions of his community supervision. At a hearing on an amended motion, appellant entered a plea of "not true" to the State's allegations. The trial court found appellant had violated several conditions of community supervision, revoked his community supervision, and adjudicated his guilt. After a punishment hearing in October of 2020, the trial court sentenced appellant to ten years' confinement. Appellant then brought this appeal.

Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[3] brief. We grant counsel's motion and affirm the judgment of the trial court. Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and motion for pro se access to the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw.[4] The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.